

United States District Court

Eastern District of California

Raymond Lambirth,

    Plaintiff,	No. Civ. S 01-0618 MCE PAN P

  vs.	Findings and Recommendations

T. Kopec, et al.,

    Defendants.

-oOo-

Plaintiff is a prisoner, without counsel, prosecuting this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants Runnels and Castro violated his First Amendment rights by refusing plaintiff's request to correspond with a prisoner in a different institution pursuant to High Desert State Prison's (HDSP) policy prohibiting such correspondence, without exception, unless the correspondents are family members, parties or witnesses to pending litigation or have a child in common. He claims defendant Cambra violated his right to equal protection under the Fourteenth

Amendment by applying the policy to him. Defendants Castro, Runnels and Cambra move for summary judgment. Plaintiff filed no opposition.

On a motion for summary judgment the moving party must establish that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party. Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986). A fact is "material" if it affects the right to recover under applicable substantive law. Id. The moving party must submit evidence that establishes issues upon which the movant bears the burden of proof; if the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must present affirmative evidence sufficiently probative such that a jury reasonably could decide the issue in favor of the opponent. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment. Id. at 587.

The following facts are undisputed: At all times relevant to this action, plaintiff was an inmate confined at (HDSP), a Level IV prison. Defendant Castro was the warden at HDSP, defendant Runnels

was Chief Deputy to the warden and defendant Cambra was Acting Director of the California Department of Corrections (CDC).

At all times relevant to this action, CDC policy prohibited prisoners from corresponding with each other without prior approval from the heads of the institutions where each inmate is confined.

Each warden maintained a policy for prisoner correspondence based on his institution's security level, population and gang activity. HDSP policy prohibited correspondence between prisoners at different institutions, without exception, unless the correspondents were family members, parties or witnesses to pending litigation or had a child in common. The policy governed all correspondence entering or leaving HDSP and affected prisoners at other institutions only insofar as they sought leave to correspond with HDSP prisoners.

The HDSP policy was adopted to enhance security. Prison officials regularly were confronted with gang activity, possible escapes and attacks on other prisoners and staff and were concerned prisoners would, through the mail, plan escapes and attacks and conduct gang activity. They believed the policy would reinforce CDC's policy of restricting contact among gang members by placing them in separate institutions. HDSP officials believed the policy would minimize the risk of harm to prisoners placed there under protective custody.

HDSP staff cannot read every piece of correspondence between prisoners at different facilities. Even if they could, prisoners could develop codes and jargon masking their intentions, causing

staff to overlook dangerous messages.

In March 2000, David Vong, a prisoner at Centinela State Prison (CSP), a Level III prison, requested CSP officials grant permission to correspond with plaintiff. CSP had less stringent criteria than HDSP for permitting correspondence between prisoners. CSP officials granted Vong's request.

Plaintiff requested HDSP officials grant permission to correspond with Vong. At the time, plaintiff had 29 disciplinary reports for, among other things, attempt to escape, fighting, gambling, threatening staff, physically assaulting staff, disobeying orders and possession of marijuana and prison-made alcohol. HDSP refused plaintiff's request because Vong and plaintiff did not satisfy HDSP's criteria for communication between prisoners.

Prisoners retain rights under the First Amendment and under the Equal Protection Clause that are not inconsistent with the fact of their imprisonment. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A regulation burdening a prisoner's right to communicate with other prisoners violates the First Amendment unless it is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78 (1987). A regulation burdening a prisoner's First Amendment rights but not those of similarly situated prisoners violates the Equal Protection Clause of the Fourteenth Amendment unless the regulation is reasonably related to legitimate penological goals. See City of Cleburne, Tex. v . Cleburne Living Center, 473 U.S. 432 (1985) (equal protection is a command that all

4

persons similarly situated should be treated alike); see also Skinner v. State of Oklahoma, 316 U.S. 535 (1942) (statute permitting sterilization for one class of offenders but not a similarly situated class of offenders violates Equal Protection Clause).

To determine whether a regulation violates a prisoner's Constitutional rights, courts consider four factors: (1) whether a valid, rational connection exists between the regulation and the legitimate interest asserted as justification therefor; (2) the existence of alternative means of exercising the burdened right; (3) the impact accommodating the right will have on guards, other prisoners and the allocation of prison resources; and, (4) whether there exist ready alternatives to the challenged regulation. Turner, 482 U.S. at 89; Shaw v. Murphy, 532 U.S. 223, 229 (2001) (standard enunciated in Turner is a unitary, deferential standard for reviewing prisoner's constitutional claims). A valid, rational connection exists between a policy and a legitimate penological interest when the policy is neutral and is rationally related to a legitimate objective. Johnson v. California, 321 F.3d 791, 799-800 (9th Cir. 2003).

Defendants contend there is no genuine dispute about whether there is a valid, rational connection between HDSP's policy and a legitimate penological interest.

Prison officials do not have the initial burden of producing evidence demonstrating a regulation is rationally related to a neutral, legitimate objective. They need not prove the regulated

conduct has in the past caused problems or in the future is likely to do so. Mauro v. Arpario, 188 F.3d 1054, 1060 (9th Cir. 1999). All they must do is proffer an intuitively rational justification for the policy. Id. If a prisoner adduces evidence to refute such a justification, then prison officials must come forth with evidence the connection is not so remote as to be arbitrary. Frost v. Symington, 197 F.3d 348, 356-57 (9th Cir. 1999). If a prisoner adduces no evidence to refute the intuitive rationality of a legitimate and neutral policy, the policy satisfies Turner's first factor. Frost v. Symington, 197 F.3d 348, 356-57 (9th Cir. 1999).

There is no dispute the HDSP regulation is neutral in that it distinguishes between communications based upon their potential implications for prison security and not upon reasons related to the suppression of expression. See Mauro, 188 F.3d at 1059.

There is no dispute defendants' asserted objective, prison security, is legitimate. See Ibid.

There is no dispute that gang activity threatens prison security, escape is an ongoing concern and violence abounds in CDC institutions. Nor is there any dispute that through the mail prisoners can communicate about matters that threaten prison security without prison officials detecting the nature of the communication. Accordingly, limiting communication between prisoners housed at different institutions to curtail these problems is at least as intuitively rational as is banning pornography to maintain jail security, see Mauro, 188 F.3d at 1060, and using race as a factor in housing a prisoner for 60 days while

1 | his institutional classification and housing needs are determined,
2 | see Johnson, 321 F.3d at 802-03.
3 |     Plaintiff has not adduced evidence to refute the intuitive
4 | rationality of the HDSP policy and so no rational jury could find
5 | for plaintiff on this issue. There is no genuine issue of material
6 | fact and defendants are entitled to judgment as a matter of law.
7 |     For these reasons, defendants' April 28, 2004, motion for
8 | summary judgment should therefore be granted and judgment entered
9 | in their favor.
10 |     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
11 | findings and recommendations are submitted to the United States
12 | District Judge assigned to this case. Written objections may be
13 | filed within 20 days of service of these findings and
14 | recommendations. The document should be captioned "Objections to
15 | Magistrate Judge's Findings and Recommendations." The district
16 | judge may accept, reject, or modify these findings and
17 | recommendations in whole or in part.
18 |     So ordered.
19 |     Dated: _____DEC 23_____, 2004.
20 |
21 |
22 |     _____
23 |     Peter A. Nowinski
24 |     Magistrate Judge
25 |
26 | G:\DOCS\NOW\DNOW1\PRISONER\lamb0618.f&r msj.wpd

7

```
                                                              ndd
                    United States District Court
                              for the
                    Eastern District of California
                         December 23, 2004


                    * * CERTIFICATE OF SERVICE * *

                                        2:01-cv-00618

Lambirth

    v.

Kopec

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  December 23, 2004, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


        Raymond Lambirth              TM/PAN
        B-83952
        HDSP                          AS/MCE
        High Desert State Prison
        P O Box 3030
        Susanville, CA   96130

        John William Riches II
        Attorney General's Office for the State of California
        PO Box 944255
        1300 I Street
        Suite 125
        Sacramento, CA   94244-2550



                                        Jack L. Wagner, Clerk

                                    BY: _____
                                         Deputy Clerk
```